**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 20-11028-CJC(PLAx)                    Date:  December 10, 2020

Title: ED HULL V. ARTINIAN ENTERPRISES, INC., *ET AL.*

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Cheryl Wynn                                        N/A
Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM**

On December 4, 2020, Plaintiff Ed Hull filed this action against Defendants, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act.  (*Id.*)  Plaintiff contends that this Court has jurisdiction over his ADA claim based on the existence of a federal question and jurisdiction over his Unruh Act claim based on supplemental jurisdiction.  (*Id.*)

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

A number of federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act claims brought alongside ADA claims, citing

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 20-11028-CJC(PLAx)                    Date:  December 10, 2020
                                                  Page 2

---

28 U.S.C. §§ 1367(c)(2) & (c)(4).  *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d
1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because
(1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his
federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal
court as an end-around to California's pleading requirements.").  The Court orders
Plaintiff to show cause as to why it should not decline to exercise supplemental
jurisdiction over his Unruh Act claim for similar reasons.

        Plaintiff shall file a response to this Order to Show Cause by December 21, 2020.
In his response, Plaintiff shall identify the amount of statutory damages he seeks to
recover.  Plaintiff and his counsel shall also include declarations in their responses which
provide all facts necessary for the Court to determine if they satisfy the definition of a
"high-frequency litigant" as provided by California Civil Procedure Code
§§ 425.55(b)(1) & (2).  Failure to respond to this Order may result in the Court declining
to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.


jy

MINUTES FORM 11
CIVIL-GEN                                         Initials of Deputy Clerk CW